UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 AUG 23  A 9: 04

```
------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY    :
COMMISSION,                     :
                                :
                 Plaintiff,     :
                                :
             -against-          :
                                :
AMBOY AGGREGATES,               :
                                :
                 Defendant.     :
------------------------------------------------x
```

Civil Action No.   07 - 4031 (WHW)

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to David Sampson. As alleged with greater specificity below in paragraph seven (7), Amboy Aggregates ("Defendant") discriminated against Mr. Sampson by subjecting him to a hostile work environment because of his race, Black, and by retaliating against him after he complained of the discrimination.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.    The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a company doing business in the State of New Jersey and the City of South Amboy, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty (30) days prior to the institution of this lawsuit, Mr. Sampson filed charges with EEOC alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least April 2003, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.  These practices include subjecting Mr. Sampson, a former cook on Defendant's tugboat, to a hostile work environment because of his race and retaliating against him after he complained of the discrimination. Specifically, the hostile work environment includes, but is not limited to, the following:

a.      Since at least April 2003, Mr. Sampson's manager and coworkers repeatedly referred to Blacks as "niggers" and with other derogatory terms.

2

b.     Since at least May 2005, Mr. Sampson's manager and coworkers tried to manufacture reasons to terminate his employment, so that they could "get the nigger off the boat."

c.     In September 2005, while watching a baseball game, one of Mr. Sampson's coworkers stated "Blacks can't play baseball and the only thing they can do is jump and run." He additionally stated that Blacks "shouldn't be on this boat."

d.     After Mr. Sampson complained about the discriminatory comments in around September 2005, Defendant retaliated against him by subjecting him to more hostile harassment and further attempts to terminate his employment, including, but not limited to, hanging a small noose in the boat where he worked, failing to remove it for approximately two months despite his repeated complaints about it, and making harassing and intimidating comments with reference to it, such as "hang the mother fucker" and "just imagine that being on a nigger."

e.     After Mr. Sampson filed his charge of discrimination with EEOC in around November 2005, Defendant took retaliatory action against him by trying to create a basis to termination his employment, which served to intimidate him.

8.     The effect of the practices complained of in paragraph 7 above has been to deprive Mr. Sampson of equal employment opportunities.

9.     The unlawful employment practices complained of above were intentional.

10.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Sampson.

3

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and retaliation.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Blacks and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.    Order Defendant to make whole Mr. Sampson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

D.    Order Defendant to pay Mr. Sampson punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

E.    Grant such further relief as the Court deems necessary and proper in the public interest.

F.    Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its

complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

Elizabeth Grossman
Regional Attorney

Lisa Sirkin
Supervisory Trial Attorney

Kam S. Wong (KW7176)
Senior Trial Attorney

U.S. Equal Employment Opportunity Comm'n
New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y.  10004
(212) 336-3703
(212) 336-3623 (facsimile)
kam.wong@eeoc.gov